The document below is hereby signed.

Signed: November 29, 2017



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
DANIEL RICHARD CARLSON,       )    Case No. 11-00651
                              )    (Chapter 7)
              Debtor.         )
                              )    Not for publication in
                              )    West's Bankruptcy Reporter
```

## MEMORANDUM DECISION AND ORDER REGARDING WAIVING REOPENING FEE

The court will waive the reopening fee that arose when the trustee filed a motion to reopen this case even though the trustee later recovered funds from which the reopening fee could be paid.

I

The case was reopened to permit the chapter 7 trustee to pursue a collection of funds. The trustee did not pay the reopening fee under item 11 of the *Bankruptcy Court Miscellaneous Fee Schedule*, which provides in pertinent part:

> The court may waive this fee under appropriate circumstances or may defer payment of the fee from trustees pending discovery of additional assets. If payment is deferred, the fee should be waived if no additional assets are discovered.

The court effectively granted a deferral of payment of the

reopening fee because the order reopening the case did not direct the trustee to pay the fee as a condition of reopening the case.

The trustee later made a recovery of funds.  On June 13, 2017, the United States Trustee filed the *Trustee's Final Report* which proposed payment of administrative claims (the trustee's commission and expenses, and the trustee's attorney's fees), and distributions to creditors of $5,180.34 but did not include a proposed distribution to the clerk to pay the reopening fee.  The United States Trustee noted in the docket text that the United States Trustee had reviewed the *Trustee's Final Report* but failed to note the *Trustee's Final Report* error in not providing for payment of the reopening fee.  Neither the clerk nor I noticed this error in the *Trustee's Final Report*.  A proper final report would have provided for payment of the reopening fee and a reduction of the amounts to be paid to creditors after satisfaction of administrative claims.

On July 14, 2017, the court entered an *Order Approving Final Application for Compensation and Directing Final Distribution of Funds on Hand* directing the trustee to "make final distribution of the funds on hand in accordance with the Final Report and Account."  On October 31, 2017, the United States Trustee filed the *Chapter 7 Trustee's Final Account and Distribution Report, Certification that the Estate has Been Fully Administered and Application to be Discharged,* reflecting that the trustee had

made distributions in accordance with the Final Report and the order approving the *Trustee's Final Report*. In the docket entry text, the United States Trustee noted that the United States Trustee did not object to the relief requested by the trustee. The clerk proceeded to close the case anew.

                                    II

The chapter 7 trustee goofed in failing to address the reopening fee in both his proposed order reopening the case and in the *Trustee's Final Report*, but so too did the court, the clerk's office, and the United States Trustee in failing to catch these errors. Moreover, the trustee had no reason to skip payment of the reopening fee (thereby increasing what unsecured creditors received) because it didn't matter to him whether the estate funds that would be used for the reopening fee went instead to the unsecured creditors. The trustee has not been enriched by the failure to address the reopening fee: he'd have received 100% of his administrative claims even if I'd directed him to pay the reopening fee. The trustee acted in compliance with the order approving the *Trustee's Final Report* and he has no funds on hand (other than the funds he received in payment of administrative claims he would be entitled to receive under a corrected final report).

The entities who *were* enriched were the unsecured creditors who received a higher distribution than they would have received

had the reopening fee been paid before the distributions to them. It makes no sense to undo the order approving the *Trustee's Final Report* and to direct those creditors to disgorge the excessive portions of the distributions they received.  That approach would entail a substantial amount of judicial resources.

The court may waive the reopening fee "under appropriate circumstances."  The foregoing presents appropriate circumstances for waiving the reopening fee.  The outcome would be different if only the trustee's administrative claims had been paid or if the court had found in a prior case that the trustee had erred in not providing for payment of the reopening fee and yet he made the same error here.

In accordance with the foregoing, it is

ORDERED that the court waives the reopening fee in this case.

                                            [Signed and dated above.]

Copies to: Debtor, recipients of e-notification of filings.